

**ORDERED in the Southern District of Florida on March 13, 2019.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 17-24546-RAM |
| | CHAPTER  13 |
| SEGUNDO NESTOR ZAMBRANO and GINA ZAMBRANO, | |
| Debtors. | |

## ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIM

The Court conducted a hearing on March 12, 2019, on the Trustee's Objection to Claim (the "Objection") [DE# 47].  The Trustee objects to Claim No. 3-2 (the "Amended Claim") filed by World Omni Financial Corp. ("World Omni"), arguing that the claim is untimely because it was filed on July 11, 2018, after the February 13, 2018 claims bar date.

## Background Facts

World Omni filed a timely claim on January 8, 2018 [Claim 3-1] (the "Original Claim").  The Original Claim was filed as a secured claim for $39,413.25 based upon a car loan secured by a 2017 Toyota RAV 4 (the "Car").  Although filed as a secured claim, the Original Claim states that "Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event Creditor's collateral is liquidated."

The Debtors' First Amended Plan (the "Plan") [DE# 28] provides for surrender of the Car.  The Debtors filed an objection to the Original Claim based upon their intent to surrender, and on February 14, 2018, the Court entered its Order Sustaining Objection to [the Original Claim] [DE# 32].  That Order stated "that Claim 3-1 is allowed and shall not receive any payments from the Chapter 13 estate."[1]

The Plan was confirmed on March 27, 2018 [DE# 41] (the "Confirmation Order").  The Order contained the standard language granting stay relief to secured creditors whose collateral was surrendered in the Plan.  Thus, the Confirmation Order granted World Omni stay relief to repossess the Car.

---

[1] At the March 12th hearing, the Trustee argued that a further basis for sustaining her Objection is the language of this Order.  The Court finds that this Order only meant that the Trustee would make no payments on the secured claim.

At the March 12th hearing, World Omni's counsel proffered that the Car was repossessed and then sold approximately two months after entry of the Confirmation Order.  The Amended Claim, filed on July 11, 2018, asserts an unsecured deficiency claim for $20,490.83.  The Repossession Account Statement attached to the Amended claim reflects that the unsecured claim amount represents the debt minus the sale proceeds.

## Discussion

In a recent opinion, this Court addressed the right of a secured creditor to file an amended claim post-confirmation asserting a deficiency claim.  *In re Aguero*, Case No. 17-17333-RAM, 2018 WL 6578964 (Bankr. S.D. Fla. Dec. 12, 2018).  In *Aguero*, the debtor's chapter 13 plan provided for direct payments on a car loan outside of the plan.  Like the Original Claim here, the initial claim in *Aguero* was filed as a secured claim but again, like the Original Claim here, included a reservation of right to file an unsecured deficiency claim.  The Court allowed the amended unsecured claim finding that it was a timely, permissive amendment to the original claim.

The Court's analysis in *Aguero* leads to the same result here. World Omni preserved the right to amend the Original Claim and to assert an unsecured deficiency claim after the Car was repossessed and sold.  Allowing the claim will dilute the percentage distribution to other allowed unsecured claims who will share in the approximately

$4,600 that unsecured creditors will receive from payments in months 25 to 60 of the Plan.  This limited prejudice to the other unsecured creditors is outweighed by the prejudice to World Omni if its Amended Claim is disallowed.  Because the Plan provides for surrender, World Omni's claim is treated in the Plan and will be discharged under 11 U.S.C. § 1328 when the Debtors complete their plan payments. Discharging the deficiency claim without allowing World Omni to share in distributions to unsecured creditors would be unfair.

For the above reasons, it is –

**ORDERED** as follows:

1.    The Objection is overruled.

2.    World Omni's Amended Claim 3-2 is allowed as an unsecured claim in the amount of $20,490.83.

3.    Because the other unsecured creditors were not served with the Objection, World Omni is directed to serve a copy of this Order on all creditors who filed claims in this case.  Any motion for reconsideration filed by an unsecured creditor will be considered *de novo*.

                                    ###

COPIES TO:

Patrick L. Cordero, Esq. (Counsel for Debtor)
Christina V. Paradowski, Esq. (Counsel for World Omni)
Nancy K. Neidich, Trustee

**(Attorney Paradowski is directed to serve a copy of this Order as required by this Order)**